## S99Y1809, S99Y1810, S99Y1811. IN THE MATTER OF JAMES NOLAN (three cases).

### (525 SE2d 98)

PER CURIAM.

The State Bar filed Notices of Discipline against Respondent James Nolan alleging violations of Standards 3 (engaging in illegal professional conduct involving moral turpitude); 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 22 (b) (withdrawal from employment without taking reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules); 25 (practicing law in a jurisdiction where to do so is in violation of regulations of the profession in that jurisdiction); 44 (wilful abandonment or disregard of a legal matter to the client's detriment); and 68 (failure to respond to disciplinary authorities in accordance with disciplinary rules) of Bar Rule 4-102 (d). Upon Nolan's failure to respond to any of the Notices of Discipline within the time set by Bar Rule 4-208.3 (a), Nolan was in default pursuant to Bar Rule 4-208.1 (b), had no right to an evidentiary hearing, and was subject to discipline by this Court. The State Bar has recommended disbarment in each of these disciplinary matters as an appropriate sanction for Nolan's violations. We agree.

The facts set forth in the Notices of Discipline are as follows:

In the first matter, Nolan was hired by two clients in or about August 1996 to represent them in a real estate matter and filed a suit on their behalf in or about October 1996. Despite repeated phone calls by the clients, Nolan failed to return their calls; did not inform them that a court hearing had been scheduled; and failed to appear in court on their behalf. In or about August 1998, the clients sent a certified letter to Nolan demanding the release of their file, and after Nolan failed to respond to the letter or release the file, the clients filed a grievance against him. By his conduct in this matter, Nolan violated Standards 22 (b), 44, and 68 of Bar Rule 4-102 (d).

In the second Notice of Discipline, subsequent to Nolan's September 28, 1998 suspension for failing to respond to the State Bar's Notice of Investigation in an unrelated disciplinary proceeding, Nolan appeared as counsel before the Superior Court of Morgan County, Georgia on or about January 13, 1999 in a criminal trial. Nolan, who represented the defendant, failed to inform the court that his license was suspended, and after the court received information of the suspension during the trial, a mistrial was ordered. Grievances subsequently were filed by both the Investigative Panel of the State Disciplinary Board and the mother of a minor child who was a key

prosecution witness. By his conduct in this matter, Nolan violated Standards 3, 4, 25, and 68 of Bar Rule 4-102 (d).

In the third Notice of Discipline, Nolan agreed to represent a client in a legal matter in September 1996. The client paid Nolan $250 and gave him documents related to her case, which Nolan said he would copy and return to her. Although the client made repeated phone calls to Nolan between October 1996 and September 1998, Nolan failed to return any of her calls and had his secretary leave a message stating that he did not have the client's file and was uncertain about her identity. On or about September 30, 1998, the client went to Nolan's office and was told by Nolan to return later in the day. However, when she returned to his office, Nolan did not appear. Nolan has not cashed the client's check or returned her file. By his conduct in this matter, Nolan violated Standards 4, 22 (b), 44, and 68 of Bar Rule 4-102 (d).

In each of the above matters, Nolan, having been served with the Notices of Investigation by publication pursuant to Bar Rule 4-203.1 and personally served with the Notices of Discipline, has failed to respond to or cooperate with disciplinary authorities.

In aggravation of discipline, we note Nolan's considerable experience in the practice of law, having been admitted to the State Bar of Georgia in 1973; and his numerous past disciplinary sanctions, which include an investigative panel reprimand; two public reprimands; and a suspension, which is currently in effect, for Nolan's failure to respond to a Notice of Investigation.

We agree with the State Bar that disbarment is warranted as a result of Nolan's violations of Standards 3, 4, 22 (b), 25, 44, and 68 of Bar Rule 4-102 (d). Accordingly, Nolan is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur except Thompson, J., not participating.*

DECIDED JANUARY 18, 2000.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar,* for State Bar of Georgia.